State of Wisconsin ex rel. Jeffrey A. Voigt, Petitioner-Appellant,
v.
Daniel Benik and Matthew J. Frank, Respondents-Respondents.
2006AP209
Court of Appeals of Wisconsin, District IV.
August 23, 2007.
Before Higginbotham, P.J., Dykman and Vergeront, JJ.
¶ 1 PER CURIAM.
Jeffrey Voigt appeals a circuit court order denying his petition for writ of certiorari review of a prison disciplinary decision. He argues: (1) that there was insufficient evidence to find him guilty of fighting; (2) that a conduct report should have been issued to another inmate for the same incident; and (3) that the hearing officer improperly imposed restitution. We affirm in part and reverse in part.
¶ 2 Voigt first argues that there was insufficient evidence to support the hearing officer's decision finding him guilty of fighting. "The facts found by the committee are conclusive if supported by any reasonable view of the evidence, and we may not substitute our view of the evidence for that of the committee." State ex rel. Ortega v. McCaughtry, 221 Wis. 2d 376, 386, 585 N.W.2d 640 (Ct. App. 1998) (quotation marks and citations omitted).
¶ 3 We conclude that the testimony of inmate Wesley Bearheart is sufficient to support the hearing officer's finding of guilt. Bearheart testified that he spit at Voigt in the face, Voigt then slapped him in the face with a magazine, and that Bearheart then chased Voigt and hit him several times. The hearing officer found Bearheart's testimony credible. This testimony is adequate to support the hearing officer's determination that Voigt was guilty of fighting. See WIS. ADMIN. CODE § DOC 303.17 (Dec. 2000) (An inmate is guilty of fighting if he or she is involved in "any situation where 2 or more people are trying to injure each other by any physical means.").
¶ 4 Voigt contends that the three confidential informants who provided testimony about the incident were found not to be credible. Voigt's assertion is accurate, but does not change our decision. The hearing officer disregarded the informants' statements. We have not considered the informants' statements in reaching our conclusion that the decision is supported by sufficient evidence.
¶ 5 Voigt next contends that the committee should have issued Bearheart a conduct report for his involvement in the fight. Our review of a prison disciplinary decision is limited to the record created in the case. See State ex rel. Irby v. Israel, 95 Wis. 2d 697, 703, 291 N.W.2d 643 (Ct. App. 1980). Whether Bearheart was issued a conduct report is an issue outside the scope of our review in the context of this appeal. See id.
¶ 6 Finally, Voigt argues that the hearing examiner erred in imposing restitution upon him. Restitution may be imposed where, as here, a defendant is found guilty of a major offense. WIS. ADMIN. CODE § DOC 303.68(1)(a) (Dec. 2000) ("The adjustment committee may impose restitution in addition to or in lieu of any major penalty and may impose any combination of penalties."). The hearing examiner ordered Voigt to pay restitution without specifying what the amount of restitution would be, and instead ordered that Voigt would be liable for half of a hospital bill that had not yet been determined. Voigt was never given an opportunity to challenge the amount or reasonableness of the hospital bill and the bill was never made part of the record. In order to comport with the due process clause, a prisoner must be given an opportunity to challenge the amount and reasonableness of restitution he or she is ordered to pay. See Wolff v. McDonnell, 418 U.S. 539, 563-565 (1974) (explaining that minimum requirements of procedural due process mandate that a prisoner must be given an opportunity to challenge evidence relied upon and the reasons for disciplinary action taken). We do not mandate a particular procedure to achieve this end. However, a restitution order cannot stand unless the prisoner is given an opportunity to challenge the amount and reasonableness of the award once the documents that support the award become available. Because the prison failed to give Voigt an opportunity to challenge the bill, we reverse the decision ordering restitution.[1]
By the Court.Order affirmed in part and reversed in part.
NOTES
[1] The respondents filed a motion for the court to take judicial notice pursuant to WIS. STAT. § 902.01 (2005-06) of documents attached to its supplemental brief. We deny the motion. The first document is an affidavit by a prison official who discusses the administrative rule applicable to time limits for holding a disciplinary hearing, WIS. ADMIN. CODE § DOC 303.76(3) (Dec. 2000), in explaining why restitution is ordered before DOC receives the bill. We can consider the language of the rule without the affidavit, and the rule does not require the procedure utilized here. The second document is the hospital bill. The bill itself is not relevant to a determination of what procedure the due process clause requires.